UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE BARRON,

        Plaintiff,

vs.

Case No. 07-CV-11580

HON. GEORGE CARAM STEEH

FEDERAL HOME LOAN MORTGAGE
CORP. AND CENTURY 21
DREWS REALTY,

        Defendants.
_____/

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION TO AMEND PLEADINGS

      This case arises following plaintiff Stephanie Barron's default on her residential mortgage. As a result of her default, the mortgage was foreclosed and sold at sheriff's sale on November 9, 2006. On December 27, 2006 plaintiff was evicted and all of her personal property was removed from the home. Plaintiff filed a complaint alleging that defendant Federal Home Loan Mortgage Corp. ("Freddie Mac") negligently employed defendant Century 21 Drews Realty to inform them of the condition of the property and vacancy. Plaintiff also alleges that she was wrongfully evicted under MCL 600.2918 by both defendants. Defendants filed a motion for summary judgment which is presently before the Court. Plaintiff has filed a motion to amend pleadings to add her husband Kenneth Prill as a plaintiff.

## FACTUAL BACKGROUND

Plaintiff obtained a residential mortgage on real property located at 16788 Mulberry Road, in Lenawee County, State of Michigan. The mortgage was a loan under the Federal Home Loan Corporation Act. Plaintiff contends she resided at the Mulberry Road property with Kenneth Prill, at the time her fiancé, and now her husband. Plaintiff and Prill had personal property at the Mulberry Road residence.

On November 9, 2006, Freddie Mac held a mortgage foreclosure sale on the Mulberry Road property in the Circuit Court for Lenawee County. Freddie Mac hired defendant Century 21 Drews Realty ("Century 21") to observe and inform Freddie Mac regarding the condition of the Mulberry Road property. An Affidavit of Abandonment was prepared on November 14, 2006, and was mailed by certified mail, return receipt requested, to the mortgagor's last known address. The Affidavit of Abandonment was prepared by Susan Myers of Orlans Associates P.C., attorney for Countrywide Home Loans. Countrywide was the servicer of plaintiff's mortgage. It appears that the Affidavit of Abandonment was filed with the Register of Deeds, Lenawee County, on December 12, 2006. The effect of the Affidavit is to shorten the period of redemption rights for plaintiff from six months to one month.

On November 22, 2006, the Mulberry Road property was referred to Century 21 for marketing and sale. Century 21 subsequently retained GTJ Consulting, LLC to winterize the property, change the locks, and remove any personal property. On or about December 28, 2006, GTJ Consulting entered the Mulberry Road property, removed and disposed of all personal property located therein, and changed the locks to the entry doors.

On December 29, 2006, Kenneth Prill discovered that the personal property had been removed from the Mulberry Road property. Plaintiff filed this lawsuit on or about February 21, 2007. Freddie Mac removed the case to this Court, and discovery has been completed in accordance with the Court's Scheduling Order.

STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

3

supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original); <u>see</u> also <u>National Satellite Sports, Inc. v. Eliadis, Inc.</u>, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 270 (1968); <u>see</u> also <u>McLean v. 988011 Ontario, Ltd.</u>, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. <u>Anderson</u>, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. <u>McLean</u>, 224 F.3d at 800 (citing <u>Anderson</u>, 477 U.S. at 252).

## ANALYSIS

I. <u>Negligent Hiring Claim against Freddie Mac</u>

Plaintiff alleges that Freddie Mac "negligently employed" Century 21 as an agent "to inform them of the condition of the property and vacancy." Under Michigan law, an employer is subject to liability for their negligence in hiring, training and supervising their employees. <u>Zsigo v. Hurley Medical Center</u>, 475 Mich. 215, 227 (2006). However, Michigan has not recognized a duty requiring an employer to exercise care in the selection and retention of an independent contractor. <u>Reeves v. Kmart Corp.</u>, 229 Mich. App. 466, 475-76 (1998).

4

> When an independent contractor is called upon to perform tasks that a person of average intelligence can perform with minimal or no training and that task may be accomplished by a multiplicity of methods, the person hiring the independent contractor ought to be able to presume that the independent contractor can competently perform the duties assigned to her. There should be no need to investigate to determine whether the independent contractor has the resources and abilities to perform properly the assigned tasks.

Id. at 476.

Joe Morrow is the Team Manager for Freddie Mac's "HomeSteps" division and swears and affirms in his affidavit that Freddie Mac did not direct Century 21 as to the manner and means by which it was to secure possession of the Mulberry property, or how it was to decide whether the property needed to be cleared of personal contents, or whether and how to arrange for such removal. In this case, Century 21 was not an employee, but rather an independent contractor, and therefore Freddie Mac had no duty to exercise due care in hiring Century 21.

## II. Wrongful Eviction Claim Against Freddie Mac and Century 21

Plaintiff seeks damages under MCL 600.2918.[1] This statute contains two provisions that allow one who has been unlawfully evicted from property to recover damages. Only the second provision, pertaining to wrongful removal, is at issue in this case.

> (2) Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner, lessor, licensor, or their agents shall be entitled to recover the amount of his actual damages or $200.00, whichever is greater, for each occurrence and, where

---

[1] MCL 600.2918 speaks in terms of tenants in possession of premises and owners or lessors. The Court believes this section applies to evictions where title is terminated by foreclosure, as well as in landlord-tenant situations.

5

possession has been lost, to recover possession. Unlawful interference with a possessory interest shall include:

> (b) The removal, retention, or destruction of personal property of the possessor.

MCL 600.2918(2).

The statute contains an exception in subsection (3), which provides that subsection (2) shall not apply where the owner can establish that he:

> (a) acted pursuant to court order or
>
> (b) interfered temporarily with possession only as necessary to make needed repairs or inspection and only as provided by law or
>
> (c) believed in good faith the tenant had abandoned the premises, and after diligent inquiry had reason to believe the tenant does not intend to return, and current rent is not paid.

MCL 600.2918(3). There was admittedly no judgment from the state district court allowing defendants to remove plaintiff's personal property. This means that defendants are protected from the consequences of unlawfully removing plaintiff only if they had a good faith belief that the property was abandoned, there was reason to believe the plaintiff did not intend to return, and current rent was not paid.

   1. <u>Good Faith Belief Property was Abandoned</u>

Defendants cite the Court to MCL 600.3241a for the proposition that abandonment should be conclusively presumed in this case. That statute provides:

> **For purposes of this chapter**, if foreclosure proceedings have been commenced under this chapter against residential property not exceeding 4 units, abandonment of premises shall be conclusively presumed upon satisfaction of all of the following requirements before the end of the redemption period:
>
> > (a) The mortgagee has made a personal inspection of the mortgaged premises and the inspection does not reveal that

6

> the mortgagor or persons claiming under the mortgagor are presently occupying or will occupy the premises.
>
> (b) The mortgagee has posted a notice at the time of making the personal inspection and has mailed by certified mail, return receipt requested, a notice to the mortgagor at the mortgagor's last known address, which notices state that the mortgagee considers the premises abandoned and that the mortgagor will lose all rights of ownership 30 days after the foreclosure sale or when the time to provide the notice required by subdivision (c) expires, whichever is later, unless the mortgagor . . . provides the notice required by subdivision (c).
>
> (c) Within 15 days after the notice required by subdivision (b) was posted and mailed, the mortgagor . . . has not given written notice by first-class mail to the mortgagee at an address provided by the mortgagee in the notices required by subdivision (b) stating that the premises are not abandoned.

MCL 600.3241a (emphasis added).

If the requirements of the section have been met, then there is a conclusive presumption of abandonment, and the redemption period is shortened from six months to 30 days. MCL 600.3241(11). In this case, defendant Freddie Mac appears to have complied with § 600.3241a, and therefore legal title became vested in Freddie Mac after the foreclosure sale of the Mulberry property on November 9, 2006.

However, as the first five words of the section indicate, the conclusive presumption of abandonment in § 600.3241a applies only to Chapter 32, which addresses foreclosure of mortgages by advertisement. Defendants' attempt to apply the presumption of abandonment to the summary proceedings for eviction statute in Chapter 29 is improper. Instead, the Court must determine if defendants had a good faith belief that plaintiff had abandoned the premises.

7

The evidence in this case consists of the Affidavit of Abandonment filed by Susan Myers. In her affidavit, Ms. Myers states, "On April 6, 2006, the mortgaged premises were inspected and the inspection did not reveal that the mortgagor or any persons claiming under the mortgagor were presently occupying or intending to occupy the premises." (Myers Affidavit, para. 7). There is also an Affidavit of Posting by Donald Moore, who states, "on the 27th day of April, 2006, he (re)inspected the premises located at 16788 Mulberry Road, Waldron, MI 49288 and that after inspecting the premises and finding same to be vacant he posted this notice by attaching same in a secure manner to the front door." The conclusory statements in these affidavits are suspect in light of the undisputed assertions by plaintiff that many items of personal property were located on the premises. There is an issue of fact whether defendants could have had a good faith belief that plaintiff abandoned the premises.

    2. <u>Reason to Believe Plaintiff Does Not Intend to Return</u>

Defendants are required to make "diligent inquiry" before concluding that the tenant did not intend to return to the premises. In this case, the affidavits of Myers and Moore were prepared in April, 2006, eight months prior to the eviction and removal of plaintiff's personal property. There is no other record evidence of an inquiry into whether or not plaintiff intended to return, or did in fact return, to the property. Defendants attempt to rely on the fact that plaintiff did not properly contest the notice of abandonment, which is evidence tending to show the property was abandoned even though it can not be used to establish a conclusive presumption of abandonment as discussed above. However, the fact that the property had to be cleared of so much personal property is evidence tending to show that plaintiff did intend to return.

8

There is an issue of fact whether defendants made a "diligent inquiry" in this case, and whether defendants had reason to believe plaintiff did not intend to return.

3. Current Rent is Not Paid

This requirement of § 600.2918(3)(c) is not addressed by the parties, therefore it requires no analysis by the Court. If defendants rely on this provision at trial, the Court will entertain further argument regarding this element.

Plaintiff can proceed on her claim for wrongful eviction under MCL 600.2918(2).

III. Amend Pleadings to Add Kenneth Prill as Plaintiff

Plaintiff seeks to add her now-husband Kenneth Prill as a necessary plaintiff because he was residing at the Mulberry property at the time of the allegedly wrongful eviction. Plaintiff explains that during discovery she determined that she could not adequately represent Prill's interest "for his damaged items as she lacked knowledge to testify to the value and the age of some of the items." (Plaintiff's motion to amend, p. 4).

Fed. R. Civ. P. 15(d) permits a party to supplement the complaint because "transactions or occurrences or events . . . have happened since the date of the pleadings sought to be supplemented." Defendants maintain that there have been no new events occurring subsequent to the filing of the complaint. At the May scheduling conference this issue was discussed and the Scheduling Order contains language requiring that "Plaintiff may amend complaint to add party plaintiff on or before 6/15/07."

It is unclear what the sought amendment would add, as a proposed amended complaint is not attached to the motion. Plaintiff has already produced a list of property

9

that forms the basis for her damages. She testified that while she paid for 95% of the items on the list, she sometimes gave her husband money to make the purchases.

Defendants complain of undue delay since plaintiff waited until discovery was closed and defendant had already filed its motion for summary judgment to bring this motion to amend. Defendant also complains of prejudice because if Mr. Prill is added as a plaintiff, and is permitted to seek additional damages, then defendants would need to conduct written discovery and a deposition of Mr. Prill.

Plaintiff missed her opportunity to amend her complaint by June 15, 2007, as discussed at the scheduling conference. She has not provided any valid reason for her delay in seeking to amend. Plaintiff's motion to amend her complaint to add Kenneth Prill as a plaintiff is DENIED.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED IN PART AND DENIED IN PART. Plaintiff's claim of negligent hiring is dismissed, but plaintiff is permitted to proceed with her wrongful eviction claim. Plaintiff's motion to amend her complaint is DENIED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated: November 26, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 26, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE BARRON,

        Plaintiff,

vs.

Case No. 07-CV-11580

HON. GEORGE CARAM STEEH

FEDERAL HOME LOAN MORTGAGE
CORP. AND CENTURY 21
DREWS REALTY,

        Defendants.
_____/

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION TO AMEND PLEADINGS

      This case arises following plaintiff Stephanie Barron's default on her residential mortgage. As a result of her default, the mortgage was foreclosed and sold at sheriff's sale on November 9, 2006. On December 27, 2006 plaintiff was evicted and all of her personal property was removed from the home. Plaintiff filed a complaint alleging that defendant Federal Home Loan Mortgage Corp. ("Freddie Mac") negligently employed defendant Century 21 Drews Realty to inform them of the condition of the property and vacancy. Plaintiff also alleges that she was wrongfully evicted under MCL 600.2918 by both defendants. Defendants filed a motion for summary judgment which is presently before the Court. Plaintiff has filed a motion to amend pleadings to add her husband Kenneth Prill as a plaintiff.

## FACTUAL BACKGROUND

Plaintiff obtained a residential mortgage on real property located at 16788 Mulberry Road, in Lenawee County, State of Michigan. The mortgage was a loan under the Federal Home Loan Corporation Act. Plaintiff contends she resided at the Mulberry Road property with Kenneth Prill, at the time her fiancé, and now her husband. Plaintiff and Prill had personal property at the Mulberry Road residence.

On November 9, 2006, Freddie Mac held a mortgage foreclosure sale on the Mulberry Road property in the Circuit Court for Lenawee County. Freddie Mac hired defendant Century 21 Drews Realty ("Century 21") to observe and inform Freddie Mac regarding the condition of the Mulberry Road property. An Affidavit of Abandonment was prepared on November 14, 2006, and was mailed by certified mail, return receipt requested, to the mortgagor's last known address. The Affidavit of Abandonment was prepared by Susan Myers of Orlans Associates P.C., attorney for Countrywide Home Loans. Countrywide was the servicer of plaintiff's mortgage. It appears that the Affidavit of Abandonment was filed with the Register of Deeds, Lenawee County, on December 12, 2006. The effect of the Affidavit is to shorten the period of redemption rights for plaintiff from six months to one month.

On November 22, 2006, the Mulberry Road property was referred to Century 21 for marketing and sale. Century 21 subsequently retained GTJ Consulting, LLC to winterize the property, change the locks, and remove any personal property. On or about December 28, 2006, GTJ Consulting entered the Mulberry Road property, removed and disposed of all personal property located therein, and changed the locks to the entry doors.

On December 29, 2006, Kenneth Prill discovered that the personal property had been removed from the Mulberry Road property. Plaintiff filed this lawsuit on or about February 21, 2007. Freddie Mac removed the case to this Court, and discovery has been completed in accordance with the Court's Scheduling Order.

STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original); <u>see</u> also <u>National Satellite Sports, Inc. v. Eliadis, Inc.</u>, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 270 (1968); <u>see</u> also <u>McLean v. 988011 Ontario, Ltd.</u>, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. <u>Anderson</u>, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. <u>McLean</u>, 224 F.3d at 800 (citing <u>Anderson</u>, 477 U.S. at 252).

ANALYSIS

I. <u>Negligent Hiring Claim against Freddie Mac</u>

Plaintiff alleges that Freddie Mac "negligently employed" Century 21 as an agent "to inform them of the condition of the property and vacancy." Under Michigan law, an employer is subject to liability for their negligence in hiring, training and supervising their employees. <u>Zsigo v. Hurley Medical Center</u>, 475 Mich. 215, 227 (2006). However, Michigan has not recognized a duty requiring an employer to exercise care in the selection and retention of an independent contractor. <u>Reeves v. Kmart Corp.</u>, 229 Mich. App. 466, 475-76 (1998).

> When an independent contractor is called upon to perform tasks that a person of average intelligence can perform with minimal or no training and that task may be accomplished by a multiplicity of methods, the person hiring the independent contractor ought to be able to presume that the independent contractor can competently perform the duties assigned to her. There should be no need to investigate to determine whether the independent contractor has the resources and abilities to perform properly the assigned tasks.

Id. at 476.

Joe Morrow is the Team Manager for Freddie Mac's "HomeSteps" division and swears and affirms in his affidavit that Freddie Mac did not direct Century 21 as to the manner and means by which it was to secure possession of the Mulberry property, or how it was to decide whether the property needed to be cleared of personal contents, or whether and how to arrange for such removal. In this case, Century 21 was not an employee, but rather an independent contractor, and therefore Freddie Mac had no duty to exercise due care in hiring Century 21.

## II. Wrongful Eviction Claim Against Freddie Mac and Century 21

Plaintiff seeks damages under MCL 600.2918.[1] This statute contains two provisions that allow one who has been unlawfully evicted from property to recover damages. Only the second provision, pertaining to wrongful removal, is at issue in this case.

> (2) Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner, lessor, licensor, or their agents shall be entitled to recover the amount of his actual damages or $200.00, whichever is greater, for each occurrence and, where

---

[1] MCL 600.2918 speaks in terms of tenants in possession of premises and owners or lessors. The Court believes this section applies to evictions where title is terminated by foreclosure, as well as in landlord-tenant situations.

5

> possession has been lost, to recover possession. Unlawful interference with a possessory interest shall include:
>
> > (b) The removal, retention, or destruction of personal property of the possessor.

MCL 600.2918(2).

The statute contains an exception in subsection (3), which provides that subsection (2) shall not apply where the owner can establish that he:

> (a) acted pursuant to court order or
>
> (b) interfered temporarily with possession only as necessary to make needed repairs or inspection and only as provided by law or
>
> (c) believed in good faith the tenant had abandoned the premises, and after diligent inquiry had reason to believe the tenant does not intend to return, and current rent is not paid.

MCL 600.2918(3). There was admittedly no judgment from the state district court allowing defendants to remove plaintiff's personal property. This means that defendants are protected from the consequences of unlawfully removing plaintiff only if they had a good faith belief that the property was abandoned, there was reason to believe the plaintiff did not intend to return, and current rent was not paid.

1. <u>Good Faith Belief Property was Abandoned</u>

Defendants cite the Court to MCL 600.3241a for the proposition that abandonment should be conclusively presumed in this case. That statute provides:

> **For purposes of this chapter**, if foreclosure proceedings have been commenced under this chapter against residential property not exceeding 4 units, abandonment of premises shall be conclusively presumed upon satisfaction of all of the following requirements before the end of the redemption period:
>
> > (a) The mortgagee has made a personal inspection of the mortgaged premises and the inspection does not reveal that

6

> the mortgagor or persons claiming under the mortgagor are presently occupying or will occupy the premises.
>
> (b) The mortgagee has posted a notice at the time of making the personal inspection and has mailed by certified mail, return receipt requested, a notice to the mortgagor at the mortgagor's last known address, which notices state that the mortgagee considers the premises abandoned and that the mortgagor will lose all rights of ownership 30 days after the foreclosure sale or when the time to provide the notice required by subdivision (c) expires, whichever is later, unless the mortgagor . . . provides the notice required by subdivision (c).
>
> (c) Within 15 days after the notice required by subdivision (b) was posted and mailed, the mortgagor . . . has not given written notice by first-class mail to the mortgagee at an address provided by the mortgagee in the notices required by subdivision (b) stating that the premises are not abandoned.

MCL 600.3241a (emphasis added).

If the requirements of the section have been met, then there is a conclusive presumption of abandonment, and the redemption period is shortened from six months to 30 days. MCL 600.3241(11). In this case, defendant Freddie Mac appears to have complied with § 600.3241a, and therefore legal title became vested in Freddie Mac after the foreclosure sale of the Mulberry property on November 9, 2006.

However, as the first five words of the section indicate, the conclusive presumption of abandonment in § 600.3241a applies only to Chapter 32, which addresses foreclosure of mortgages by advertisement. Defendants' attempt to apply the presumption of abandonment to the summary proceedings for eviction statute in Chapter 29 is improper. Instead, the Court must determine if defendants had a good faith belief that plaintiff had abandoned the premises.

7

The evidence in this case consists of the Affidavit of Abandonment filed by Susan Myers. In her affidavit, Ms. Myers states, "On April 6, 2006, the mortgaged premises were inspected and the inspection did not reveal that the mortgagor or any persons claiming under the mortgagor were presently occupying or intending to occupy the premises." (Myers Affidavit, para. 7). There is also an Affidavit of Posting by Donald Moore, who states, "on the 27th day of April, 2006, he (re)inspected the premises located at 16788 Mulberry Road, Waldron, MI 49288 and that after inspecting the premises and finding same to be vacant he posted this notice by attaching same in a secure manner to the front door." The conclusory statements in these affidavits are suspect in light of the undisputed assertions by plaintiff that many items of personal property were located on the premises. There is an issue of fact whether defendants could have had a good faith belief that plaintiff abandoned the premises.

2. <u>Reason to Believe Plaintiff Does Not Intend to Return</u>

Defendants are required to make "diligent inquiry" before concluding that the tenant did not intend to return to the premises. In this case, the affidavits of Myers and Moore were prepared in April, 2006, eight months prior to the eviction and removal of plaintiff's personal property. There is no other record evidence of an inquiry into whether or not plaintiff intended to return, or did in fact return, to the property. Defendants attempt to rely on the fact that plaintiff did not properly contest the notice of abandonment, which is evidence tending to show the property was abandoned even though it can not be used to establish a conclusive presumption of abandonment as discussed above. However, the fact that the property had to be cleared of so much personal property is evidence tending to show that plaintiff did intend to return.

8

There is an issue of fact whether defendants made a "diligent inquiry" in this case, and whether defendants had reason to believe plaintiff did not intend to return.

3. Current Rent is Not Paid

This requirement of § 600.2918(3)(c) is not addressed by the parties, therefore it requires no analysis by the Court. If defendants rely on this provision at trial, the Court will entertain further argument regarding this element.

Plaintiff can proceed on her claim for wrongful eviction under MCL 600.2918(2).

III. Amend Pleadings to Add Kenneth Prill as Plaintiff

Plaintiff seeks to add her now-husband Kenneth Prill as a necessary plaintiff because he was residing at the Mulberry property at the time of the allegedly wrongful eviction. Plaintiff explains that during discovery she determined that she could not adequately represent Prill's interest "for his damaged items as she lacked knowledge to testify to the value and the age of some of the items." (Plaintiff's motion to amend, p. 4).

Fed. R. Civ. P. 15(d) permits a party to supplement the complaint because "transactions or occurrences or events . . . have happened since the date of the pleadings sought to be supplemented." Defendants maintain that there have been no new events occurring subsequent to the filing of the complaint. At the May scheduling conference this issue was discussed and the Scheduling Order contains language requiring that "Plaintiff may amend complaint to add party plaintiff on or before 6/15/07."

It is unclear what the sought amendment would add, as a proposed amended complaint is not attached to the motion. Plaintiff has already produced a list of property

9

that forms the basis for her damages.  She testified that while she paid for 95% of the items on the list, she sometimes gave her husband money to make the purchases.

Defendants complain of undue delay since plaintiff waited until discovery was closed and defendant had already filed its motion for summary judgment to bring this motion to amend.  Defendant also complains of prejudice because if Mr. Prill is added as a plaintiff, and is permitted to seek additional damages, then defendants would need to conduct written discovery and a deposition of Mr. Prill.

Plaintiff missed her opportunity to amend her complaint by June 15, 2007, as discussed at the scheduling conference.  She has not provided any valid reason for her delay in seeking to amend.  Plaintiff's motion to amend her complaint to add Kenneth Prill as a plaintiff is DENIED.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED IN PART AND DENIED IN PART.  Plaintiff's claim of negligent hiring is dismissed, but plaintiff is permitted to proceed with her wrongful eviction claim.  Plaintiff's motion to amend her complaint is DENIED.

                                                s/George Caram Steeh  
                                                GEORGE CARAM STEEH  
                                                UNITED STATES DISTRICT JUDGE

Dated:  November 26, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 26, 2007, by electronic and/or ordinary mail.

                                                s/Josephine Chaffee  
                                                Secretary/Deputy Clerk