UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE BARRON,

        Plaintiff,

vs.

Case No. 07-CV-11580

HON. GEORGE CARAM STEEH

FEDERAL HOME LOAN MORTGAGE
CORP. AND CENTURY 21
DREWS REALTY,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [DOC. # 41, 44]

This case arises following plaintiff Stephanie Barron's default on her residential mortgage. As a result of her default, the mortgage was foreclosed and sold at sheriff's sale on November 9, 2006. On December 27, 2006 plaintiff was evicted and all of her personal property was removed from the home. On November 26, 2007, this Court entered an order finding that defendant Freddie Mac had no duty to exercise due care in hiring defendant Century 21, but that an issue of fact existed regarding plaintiff's entitlement to damages for wrongful eviction under MCL 600.2918. The Court also denied plaintiff's motion to amend the pleadings to add her husband as a plaintiff. Defendant Freddie Mac filed a motion for reconsideration, concurred with by defendant Century 21 Drews Realty, which the Court will now consider.

Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

In its order, the Court considered whether plaintiff had a claim for wrongful removal under MCL 600.2918(2). That section provides:

> (2) Any <u>tenant</u> in possession of premises whose possessory interest has been unlawfully interfered with by the owner, lessor, licensor, or their agents shall be entitled to recover the amount of his actual damages or $200.00, whichever is greater, for each occurrence and, where possession has been lost, to recover possession. Unlawful interference with a possessory interest shall include:
>
> > (b) The removal, retention, or destruction of personal property of the possessor.

The issue raised on reconsideration is whether the word "tenant", which is not defined in the statute, applies to plaintiff in this case.

The Michigan Court of Appeals discussed the word "tenant" as it is used in MCL 600.2918(2), referred to as the "antilockout statute". <u>Nelson v. Grays</u>, 209 Mich. App. 661, 663-64 (1995). The court defined the word "tenant" in the context of a commonly accepted landlord-tenant relationship. However, the facts of <u>Nelson</u> distinguish that case from the post-redemption period mortgagor in the case before this Court. While old, the case of <u>Allen v. Carpenter</u>, 15 Mich. 25 (1866) directly addresses the question at issue in this case, that is, whether a mortgagor terminated by foreclosure is a "tenant". The Michigan Supreme Court determined that a mortgagor whose estate has been terminated by foreclosure proceedings is a tenant at sufferance, "defined to be one who, having come into possession by right, holds over without right." <u>Id</u>.

The Michigan antilockout statute, MCL 600.2918, draws no distinction among tenants at will, by the years, or by sufferance. Therefore, this Court finds that the term "tenant", as it is used in MCL 600.2918(2), is intended to include all three types of tenancies. The statutory scheme in Michigan permits eviction from abandoned property without a court order, however, there are protections afforded to a mortgagor, or tenant at sufferance, who is found not to have abandoned. The antilockout statute is one such protection.

Defendants' arguments regarding the issue of abandonment were previously addressed by the Court, and defendants have provided no new evidence in this regard. Now, therefore,

Defendants' motion for reconsideration is DENIED.

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

Dated: January 31, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on January 31, 2008, by electronic and/or ordinary mail.

                                         s/Josephine Chaffee
                                         Secretary/Deputy Clerk